1

2

3

4

5

6
                    IN THE UNITED STATES DISTRICT COURT
7               FOR THE WESTERN DISTRICT OF WASHINGTON
                               AT SEATTLE

8  ADRIANNA KILLAM,

9                    Plaintiff,                    NO.

10       vs.                                       **COMPLAINT FOR
                                                   DECLARATORY
11  PORT OF SEATTLE,                               AND INJUNCTIVE RELIEF**

12                   Defendant.                    **JURY DEMAND**

13

14       COMES NOW, Plaintiff, Adrianna Killam, by and through her attorneys Washington

15  Civil & Disability Advocate for her Complaint for Declaratory and Injunctive Relief to state and

16  allege as follows:

17                          **I.     INTRODUCTION**

18       1.     The Americans with Disabilities Act (the "ADA") and the Washington Law

19  Against Discrimination ("WLAD") require places of public accommodation to be accessible to

20  people with disabilities.

21       2.     Drug stores, restaurants, and grocery stores are places of public accommodation

22  within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7), and its implementing

23  regulation, 28 C.F.R. § 36.104.

3.      ADA accessibility laws and regulations were enacted into law in 1990, nearly 30 years ago, to protect civil rights of persons with mobility and other disabilities.

4.      Defendant discriminates against individuals with disabilities because Defendant operates a property as a place of public accommodation that does not comply with ADA laws and regulations or the WLAD, and thus Plaintiff brings this action to end the civil rights violations at a place of public accommodation by Defendant against persons with mobility disabilities.

## II.      PARTIES

5.      Plaintiff Adrianna Killam is a Washington resident and resides in this district.

6.      Ms. Killam is limited in the major life activity of walking and uses a wheelchair for transportation.  Ms. Killam requires ADA compliant accessible parking in order to patronize the businesses and restaurants at Defendant's property at or around 1900 W Nickerson Street in Seattle, WA (the "Property").

7.      Defendant Port of Seattle owns and operates the Property as a place of public accommodation.

## III.      JURISDICTION AND VENUE

8.      This court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the United States.

9.      This court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4), which gives district courts jurisdiction over actions to secure civil rights under Acts of Congress.

10.      This court has jurisdiction pursuant to 28 U.S.C. § 1367, which gives district courts supplemental jurisdiction over state law claims.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

11.     Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because the practices and procedures that gave rise to Plaintiff's Complaint for Injunctive Relief and Damages occur in this district and Defendant's Property lies within this district.

## IV.     FACTUAL ALLEGATIONS

12.     The ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability," and prohibits places of public accommodation from providing separate or unequal benefits and services to individuals with disabilities.

13.     Defendant's property is one example of countless places of public accommodation that are difficult or dangerous to access due to substantial and numerous compliance issues with the ADA, despite decades of notice to property owners.

14.     The findings and purpose section of the original ADA, 42 U.S.C. § 12101, states that, "...individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, [and] the discriminatory effects of architectural, transportation, and communication barriers…."

15.     Thus, Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

Plaintiff

16.     Ms. Killam is a Seattle area resident who travels throughout the Seattle area on a regular basis.  Plaintiff most recently patronized Defendant's Property in February, 2020.

Complaint for Declaratory and Injunctive Relief

**Page 3 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

17.     Ms. Killam is limited in the major life activity of walking and requires the use of a wheelchair for mobility and is thus a person with a disability within the meaning of Title III of the ADA and the WLAD.

18.     Ms. Killam will return to the Property once accessibility barriers are addressed.

<u>Defendant's Property</u>

19.     Ms. Killam used her wheelchair, albeit at personal risk due to existing accessibility barriers, to visit the Chinooks restaurant located at the Property.

20.     Ms. Killam does not feel safe accessing the property as-is due to the current accessibility barriers.

21.     Defendant's Property does not comply with the ADA's accessibility laws and regulations under the 1991 ADA Standards for Accessible Design ("1991 Standards") and the 2010 ADA Standards for Accessible Design ("2010 Standards").

22.     At Defendant's parking lot at the Property, there are at least 219 parking spaces.

23.     Thus, under the 2010 Standards the Property must have at least seven (7) accessible parking spaces (§ 208.2) and at least two (2) accessible parking spaces must be "van-accessible" parking spaces. § 208.2 of the 2010 Standards and § 4.1.2 of the 1991 Standards.

24.     There are currently less than 7 accessible parking spaces, and many of the accessible parking spots at the Property do not meet either the 1991 Standards or the 2010 Standards.

25.     Accessible parking spaces must be identified with signage at least 60 inches above the ground.  § 502.6 of the 2010 Standards and § 4.6.4 of the 1991 Standards (signage must be high enough it "cannot be obscured by a vehicle parked in the space.").

26.     The signage for every accessible parking space at the Property is too low to the

Complaint for Declaratory and Injunctive Relief

**Page 4 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

ground.  Additionally, "van accessible" is not as clearly marked as it could be.

27.     Van accessible parking spaces shall be 132 inches wide and served by an access aisle of 60 inches, or 96 inches wide and served by an access aisle of 96 inches. § 502.2 of the 2010 Standards and §§ 4.1.2(5)(b) and 4.3.6 of the 1991 Standards.

28.     Regular accessible spaces shall be at least 96 inches wide and served by an access aisle at least 60 inches wide.  § 502.3 of the 2010 Standards and §§ 4.1.2(5)(a) and 4.3.6 of the 1991 Standards.

29.     Access aisles must be marked so as to discourage parking and adjoin the accessible route.  §§ 502.3 and 502.3.3 of the 2010 Standards.

30.     Two accessible parking spots located in the south-east of the main parking lot (near the Highliner Public House) have markings that are faded and do not properly delineate accessible parking spaces and access aisle.

31.     The surface of accessible parking spaces and access aisles are not permitted to have changes in level (i.e. bumps or cracks in the pavement). § 502.4 of the 2010 Standards.

32.     The two accessible parking spots located in the south-east of the main parking lot (near the Highliner Public House) have large cracks and bumps that create hazardous changes in level within the accessible parking spaces and access aisles.

33.     Additionally, Slope of accessible parking spaces must be no greater than 1:48 (approximately 2%) in any direction and must adjoin the accessible route.  §§ 502.3-502.4 of the 2010 Standards and § 4.3.6 of the 1991 Standards.

34.     Two accessible parking spots near the middle of the main parking lot (directly outside and west of the Chinook's entrance) have slope in excess of 3% within both the parking spaces and the access aisles.

35.     Curb ramps must have a running slope no greater that 1:12 (8.33%). §§ 405.2 and 406.1 of the 2010 Standards.

36.     On information and believe, many of the curb ramps at the Property were created or replaced since 2012 and have a running slop in excess of 8.33%.

37.     Ms. Killam requires compliant accessible parking and compliant accessible routes in order to safely patronize Defendant's property using her wheelchair.

38.     Defendant's property is not safe and is not welcoming for people who use wheelchairs because it does not comply with the ADA's accessibility laws and regulations.

39.     The failure of Port of Seattle to make the property comply with the ADA's accessibility laws and regulations works to exclude people with disabilities from equal access to and enjoyment of the Property.

## V.     FIRST CAUSE OF ACTION
### Title III of the Americans with Disabilities Act of 1990
### 42 U.S.C. § 12101 *et seq.*

40.     Ms. Killam incorporates by reference the allegations in the paragraphs above.

41.     Ms. Killam is limited in the major life activity of walking and is thus an individual with a disability within the meaning of Title III of the ADA.

42.     Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

43.     Defendant Port of Seattle owns the property where the Chinook's restaurant and associate parking lot are located.

Complaint for Declaratory and Injunctive Relief

**Page 6 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

44. The Chinook's restaurant and other restail establishments at the Property are places of public accommodation under 42 U.S.C. § 12181(7).

45. Defendant has discriminated against Plaintiff on the basis of her disability.

46. Defendant's discriminatory conduct includes but is not limited to:

    a. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

    b. Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

    c. Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations to individuals with disabilities;

    d. Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs;

    e. Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

47. As such, Defendant discriminates and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities at Defendant's property in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

48. Defendant's discriminatory conduct as has harmed Ms. Killam, and the harm

Complaint for Declaratory and Injunctive Relief

**Page 7 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1   continues.

2       49.     Defendant's discriminatory conduct entitles Ms. Killam to declaratory and

3   injunctive relief. 42 U.S.C. § 12188.

4       50.     Defendant's discriminatory conduct entitles Ms. Killam to recover reasonable

5   attorneys' fees and costs incurred in bringing this action. 42 U.S.C. § 12205.

6                    **VI.    SECOND CAUSE OF ACTION**
                **Violation of the Washington Law Against Discrimination**
7                        **(R.C.W. §§ 49.60.010 et seq.)**

8       51.     Ms. Killam incorporates by reference the allegations in the paragraphs above.

9       52.     Ms. Killam is an individual with a disability within the meaning of the

10  Washington Law Against Discrimination.

11      53.     Under § 49.60.030(1) of the Revised Code of Washington provides in pertinent

12  part: "The right to be free from discrimination because of . . . the presence of any sensory,

13  mental, or physical disability . . . is recognized as and declared to be a civil right.  This right shall

14  include, but not be limited to: . . . (b) The right to the full enjoyment of any of the

15  accommodations, advantages, facilities, or privileges of any place of public resort,

16  accommodation, assemblage, or amusement . . . "

17      54.     Defendant has violated and continues to violate §§ 49.60.010 *et seq.* of the

18  Revised Code of Washington by violating multiple accessibility requirements under the ADA.

19      55.     Defendant's actions constitute discrimination against persons with disabilities and

20  violate the Washington Law Against Discrimination, Revised Code of Washington § 49.60.010

21  et seq., in that persons with mobility disabilities have been and are still denied full and equal

22  enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant

23  provides to individuals who do not have disabilities.

56.     As a direct and proximate result of Defendant's discriminatory conduct as alleged in this Complaint, Ms. Killam has suffered and continues to suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to correctly remediate the Property.

57.     Defendant's discriminatory conduct as alleged in this Complaint has denied Ms. Killam the full and equal enjoyment of services that the Washington Law Against Discrimination requires.

58.     Ms. Killam has a clear legal right to access the businesses located at Defendant's Property under the Washington Law Against Discrimination.

59.     Ms. Killam has the right for Defendant's property to comply with the ADA's accessibility laws and regulations under the Washington Law Against Discrimination.

60.     Defendant's property does not comply with ADA accessibility laws and regulations, including the 1991 Standards and the 2010 Standards.

61.     Because Defendant's property does not comply with the ADA's accessibility laws and regulations, declaratory and injunctive relief are appropriate remedies under the Washington Law Against Discrimination. *See e.g. Kucera v. Dep't of Transp.*, 140 Wash. 2d 200, 209 (2000).

62.     Pursuant to RCW § 49.60.030(2), Ms. Killam is entitled to declaratory and injunctive relief and to recover from Defendant her reasonable attorneys' fees and costs incurred in bringing this action.

### VII.     PRAYER FOR RELIEF

WHEREFORE, Ms. Killam respectfully requests that this Court:

1.     Assume jurisdiction over this action;

2.     Find and declare Defendant Port of Seattle to be in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. and the Washington Law Against

Complaint for Declaratory and Injunctive Relief

**Page 9 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

Discrimination, Wash. Rev. Code §§ 49.60.010 et seq. because Defendant's Property does not comply with the ADA's accessibility laws and regulations;

3. Issue a permanent injunction ordering Defendant to immediately implement the necessary improvements to bring the Defendant's property into compliance with the ADA's accessibility laws and regulations;

4. Award Ms. Killam reasonable attorneys' fees and costs as authorized by 42 U.S.C. § 12205 and Wash. Rev. Code§ 49.60.030(2);

5. Award actual, compensatory, and/or statutory damages to Ms. Killam for violations of her civil rights as allowed under state and federal law;

6. Award such additional or alternative relief as may be just, proper, and equitable.

DATED THIS 20 day of March, 2020

By:


*s/ Conrad Reynoldson*
Conrad Reynoldson
WSBA# 48187
conrad@wacda.com
(206) 876-8515

*s/ Michael Terasaki*
Michael Terasaki
WSBA# 51923
terasaki@wacda.com
(206) 971-1124

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 ROOSEVELT WAY NE, SUITE B, SEATTLE, WA 98105
*Attorneys for Plaintiff Adrianna Killam*

Complaint for Declaratory and Injunctive Relief

**Page 10 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558